<h1 style="text-align:center">UNITED STATES COURT OF APPEALS<br>FOR THE FIRST CIRCUIT</h1>

| | |
|---|---|
| PHILIBERT KONGTCHEU, | |
| Plaintiff, | Case No.: 26-1410 |
| v. | |
| COMCAST CORPORATION; COMCAST REPRESENTATIVE X; COMCAST REPRESENTATIVE BHAVYA; COMCAST REPRESENTATIVE CURTIS XFINITY-EXECUTIVE CUSTOMER RELATIONS; COMCAST REPRESENTATIVE GABRIELLE K. XFINITY – EXECUTIVE CUSTOMER RELATIONS; COMCAST REPRESENTATIVE CHERYL L. XFINITY – EXECUTIVE CUSTOMER RELATIONS; CREDENCE RESOURCE MANAGEMENT, LLC | |
| Defendants. | May 29, 2026 |

## DEFENDANTS'-APPELLEES' MOTION TO DISMISS PLAINTIFF-APPELLANT'S APPEAL

Pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27, the

Defendants-Appellees, Comcast Corporation,[1] Comcast Representative X, Comcast

---

[1] Plaintiff-Appellant names "Comcast Corporation" as one of the Defendant-Appellees in this case, which is not the proper legal entity. Comcast OTR1, LLC ("Comcast OTR1") is the legal entity that provides Xfinity Mobile services in Massachusetts. Although Plaintiff's Complaint names Comcast Corporation as a Defendant-Appellee, his allegations relate to his Xfinity Mobile Services, which are provided by Comcast OTR1 under the terms of the applicable agreement between the parties.

Representative Bhavya, Comcast Representative Curtis Xfinity – Executive Customer Relations, Comcast Representative Gabrielle K. Xfinity – Executive Customer Relations, Comcast Representative Cheryl L. Xfinity – Executive Customer Relations (collectively, "Comcast" or "Comcast Defendants"), hereby move to dismiss the appeal filed by the Plaintiff-Appellant, Philibert Kongtcheu ("Plaintiff"), on the grounds that this Court lacks subject matter jurisdiction. Each of the orders entered by the United States District Court for the District Court of Massachusetts implicating Comcast from which Plaintiff appeals are interlocutory orders. None of the orders affecting Comcast are final judgments. Further, Plaintiff's appeal violates the current stay of litigation, which remains in place pending the outcome of arbitration. (ECF No. 72, Ex. D). Accordingly, this Court lacks subject matter jurisdiction, Plaintiff's claims before this Court are unripe and premature, and, therefore the Court should dismiss Plaintiff's appeal.

## I.    BRIEF HISTORY

On or about May 28, 2025, Plaintiff commenced a civil action in the Middlesex County Superior Court of the Commonwealth of Massachusetts, Case No. 2581CV01324.  Plaintiff named Credence Resource Management, LLC ("CRM") and the Comcast Defendants. Plaintiff's Complaint asserted claims against Comcast for unfair and/or deceptive business practices under M.G.L. c. 93A, violations of the Truth in Billing Act pursuant to 47 CFR § 64.2401,

intentional infliction of emotional distress, and intentional misrepresentation. (ECF No. 1, Ex. A). Plaintiff also alleged that the co-defendant CRM violated the Fair Debt Collection Practices Act.

On July 1, 2025, CRM removed this case from the Middlesex Superior Court to the United States District Court for the District of Massachusetts (the "District Court"). On July 21, 2025, Plaintiff filed a Motion for Entry of Default against the Comcast Defendants. The District Court granted this Motion on July 22, 2025. (ECF No. 11, Ex. B). On September 30, 2025, the Comcast Defendants filed a Motion to Set Aside Default, which the District Court granted on October 1, 2025. (ECF No. 37, Ex. C). On November 18, 2025, Comcast filed a Motion to Compel Arbitration and Stay Litigation, which the District Court granted on December 30, 2025. (ECF No. 72, Ex. D). In accordance with that order, the District Court stayed litigation "pending the outcome of the arbitration."[2] Approximately three months later, on March 4, 2026, Plaintiff filed a Motion for Reconsideration of the District Court's order granting Comcast's Motion to Compel Arbitration and Stay Litigation. The District Court denied the Motion for Reconsideration on March 9, 2026. (ECF No. 82, Ex. E). These are the orders related to the Comcast Defendants from which Plaintiff appeals.

---

[2] The arbitration is currently pending before the American Arbitration Association under Case No. 01-25-0009-5625.

Plaintiff filed a Motion for Partial Summary Judgment against CRM on August 21, 2025 and CRM filed a Cross-Motion for Summary Judgment against the Plaintiff on October 9, 2025.  On March 18, 2026, the District Court granted CRM's Cross-Motion and denied Plaintiff's Motion for Summary Judgment.

On April 15, 2026, the Plaintiff filed his Notice of Appeal.  In the Notice of Appeal, Plaintiff represented that he appealed "from the final judgment entered in this action on **March 18, 2026**, as well as from all interlocutory orders and rulings that merge into that judgment . . . ."  (Notice of Appeal, Ex. F).  Plaintiff then identified each of the foregoing orders against CRM and the Comcast Defendants. The order granting CRM's Cross-Motion is the only final judgment.  Each of the orders involving the Comcast Defendants are non-final interlocutory orders, and none of them are related to or merge into the final judgment against CRM.

II.     <u>**LAW & ARGUMENT**</u>

    a. **The District Court Lacks Subject Matter Jurisdiction Over the Comcast Defendants Because There is No Final Judgment Against Them.**

        *i. Legal Standard*

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C.A. § 1291.  It is well established that "[f]inality of judgment has been required as a predicate for federal appellate jurisdiction." <u>Abney v. U.S.</u>, 431 U.S. 651, 656 (1977).  "A final

judgment is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Riley v. Kennedy, 553 U.S. 406, 419 (2008).

"As a general rule, interlocutory orders are not immediately appealable because they lack the requisite finality." Torres v. Puerto Rico, 485 F.3d 5, 8 (1st Cir. 2007). "[F]ederal appellate jurisdiction in most civil actions arises out of the power to review 'final decisions of the district courts of the United States.' 28 U.S.C. § 1291. Although this finality principle admits certain exceptions, the majority of them are statutory in origin." Espinal-Dominguez v. Com. of Puerto Rico, 352 F.3d 490, 495 (1st Cir. 2003) (explaining that 28 U.S.C. § 1292(a)(1)-(3) establishes "special rules for jurisdiction over interlocutory appeals from orders involving injunctive relief, admiralty cases, and receivership matters").

"Congress enacted the Federal Arbitration Act . . . in order to overcome judicial resistance to arbitration and to declare a national policy favoring arbitration of claims that parties contract to settle in that manner. . . . To further that policy, Section 16(b) of the FAA prohibits the immediate appeal of various interlocutory orders that favor arbitration, including orders compelling arbitration." Braintree Laboratories, Inc. v. Citigroup Glob. Markets Inc., 622 F.3d 36, 43 (1st Cir. 2010) (internal quotations and citations omitted); see also 9 USCA § 16(b) ("[e]xcept as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from

an interlocutory order—(1) granting a stay of any action under section 3 of this title
. . . ."

Pursuant to the Federal Arbitration Act, an appeal may not be taken from an interlocutory order granting a stay of any action under section 3 of the Act. 9 U.S.C. § 16(b)(1). "Notably, Congress provided for immediate interlocutory appeals of orders *denying*—but not of orders *granting*—motions to compel arbitration." Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) (emphasis in original).

In the present case, Plaintiff appeals from various court orders. Each of those that implicate the Comcast Defendants, however, are interlocutory orders. This includes: (1) the District Court's order granting Comcast's Motion to Compel Arbitration; (2) the District Court's order denying Plaintiff's Motion for Reconsideration of Comcast's Motion to Compel Arbitration; and (3) the District Court's Order granting Comcast's Motion to Set Aside Default. As further set out below, this Court does not have subject matter jurisdiction over these interlocutory orders and, therefore, must dismiss Plaintiff's appeal.

    ii. *The District Court's Order Granting Comcast's Motion to Compel Arbitration is Interlocutory and Not Subject to This Court's Jurisdiction.*

"Whether an order compelling arbitration is interlocutory or final depends on whether the district court chooses to stay litigation pending arbitration or instead to dismiss the case entirely." Braintree Laboratories, supra, 622 F.3d at 43. "If the

district court stays litigation, parties wishing to challenge the case's arbitrability must normally wait until the arbitrator resolves the matter on the merits and the district court enters a final judgment. <u>Green Tree Fin. Corp. v. Randolph</u>, 531 U.S. 79, 87 n. 2, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). If, on the other hand, the district court couples its order compelling arbitration not with a stay but with an outright dismissal, leaving nothing more for itself to do but execute the eventual judgment, then an appeal may be taken." <u>Id.</u>

In the present case, the District Court granted Defendants' Motion to Compel Arbitration and specifically stayed the case pending the outcome of arbitration. (ECF No. 72, Ex. D). The District Court explicitly held: "this case is STAYED, pending the outcome of the arbitration." (ECF No. 72, Ex. D). Accordingly, and as recognized by the <u>Braintree</u> decision, the District Court's order staying the case and granting the Defendant's Motion to Compel Arbitration is interlocutory, this Court does not have subject matter jurisdiction, and this Court must dismiss Plaintiff's appeal of the District Court's order.

   *iii. The District Court's Order Denying Plaintiff's Motion for Reconsideration of Comcast's Motion to Compel Arbitration is an Interlocutory Order and Not Subject to This Court's Jurisdiction.*

Plaintiff also appeals from the District Court's order denying Plaintiff's Motion for Reconsideration of Defendants' Motion to Compel Arbitration. Again, Plaintiff prematurely seeks this Court's review. "Rule 59(e) provides a party with

ten days to move to alter or amend a judgment. . . . But Rule 59(e) does not apply to motions for reconsideration of interlocutory orders from which no immediate appeal may be taken …. Interlocutory orders such as these remain open to trial court reconsideration until the entry of judgment." Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 4 (1st Cir. 2005) (citations omitted; internal quotation marks omitted).

A motion to compel arbitration which stays litigation is an interlocutory order. Therefore, the District Court's order denying Plaintiff's Motion for Reconsideration of the underlying stay order is also an interlocutory order, and Plaintiff may not take an immediate appeal of such order. Accordingly, this Court lacks subject matter jurisdiction and must dismiss Plaintiff's appeal of the District Court's order denying his Motion for Reconsideration.

    *iv. The District Court's Order Granting Defendants' Motion to Set Aside Default is an Interlocutory Order and Not Subject to This Court's Jurisdiction.*

Plaintiff further appeals the District Court's order granting Defendants' Motion to Set Aside Default. (ECF Nos. 37, 11, Exs. C, B). Again, this Court lacks subject matter jurisdiction to review that order. "Entry of default is an interlocutory order—entered in anticipation of a final judgment—formally recognizing that a party 'has failed to plead or otherwise defend as provided by the [Federal Rules of Civil Procedure.]'" United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004) (citing Fed.R.Civ.P. 55(a)). Because this is yet another interlocutory

order which lacks the requisite finality, this Court lacks subject matter jurisdiction and must therefore dismiss Plaintiff's appeal of the District Court's order.

        b.  *Plaintiff's Appeal Violates the Stay the District Court Entered Pending Arbitration.*

The District Court stayed the underlying litigation pursuant to 9 USC § 3.[3] To allow Plaintiff to appeal the aforementioned interlocutory orders while arbitration remains pending only circumvents the arbitration process and hinders the overall goal of the Federal Arbitration Act, which encourages arbitration by specifically prohibiting the immediate appeal of interlocutory orders, particularly where such orders favor arbitration. Braintree Laboratories, supra, 622 F.3d at 43. It is clear that the parties have entered into an agreement with a binding arbitration clause, and the District Court entered its orders in accordance with such binding agreement. Accordingly, Plaintiff's appeal violates the stay entered by the District Court pending the outcome of the arbitration. (ECF No. 72, Ex. D).

### III.   CONCLUSION

There can be no question that a final judgment is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Riley, supra, 553 U.S. at 419. Here, the only such order from which

---

[3] "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the District Court to stay the proceeding." Smith v. Spizzirri, 601 U.S. 472, 478 (2024).

Plaintiff appeals is the order granting CRM's Motion for Summary Judgment. None of the District Court's orders affecting the Comcast Defendnats are final, and the litigation against Comcast is stayed pending arbitration proceedings (which are ongoing and actively litigated by the parties). Consequently, and for the reasons stated in this Motion, the Comcast Defendants move this Court to dismiss Plaintiff's appeal for lack of subject matter jurisdiction.

DEFENDANTS-APPELLEES,
COMCAST CORPORATION; COMCAST REPRESENTATIVE X; COMCAST REPRESENTATIVE BHAVYA; COMCAST REPRESENTATIVE CURTIS XFINITY-EXECUTIVE CUSTOMER RELATIONS; COMCAST REPRESENTATIVE GABRIELLE K. XFINITY-EXECUTIVE CUSTOMER RELATIONS; COMCAST REPRESENTATIVE CHERYL L. XFINITY – EXECUTIVE CUSTOMER RELATIONS

*/s/ Douglas A. Balko*
Douglas A. Balko (Bar No. 1223586)
Gary S. Klein (Bar No. 22439)
Carmody Torrance Sandak & Hennessey LLP
50 Leavenworth Street
Waterbury, CT 06702
Tel.: (203) 573-1200
Fax: (203) 575-2600
dbalko@carmodylaw.com
gklein@carmodylaw.com
*Their Attorneys*

## <u>CERTIFICATE OF SERVICE FORM FOR ELECTRONIC FILINGS</u>

I hereby certify that on May 29, 2026, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system.  I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Philibert Kongtcheu
195 Binney St Apt. 2311
Cambridge, MA 02142
Phone: 646-535-8027
*Plaintiff-Appellant*

John J. O'Connor
Peabody & Arnold LLP
600 Atlantic Ave
Boston, MA 02210-2261
Phone: 617-951-2100
Fax: 617-951-2125
*Counsel for Defendant-Appellee Credence Resource Management, LLC*

Michelle L. Sanginiti
Sessions Israel & Shartle
5 Caton Cir
Newtown, PA 18940
Phone: 267-987-8163
*Counsel for Defendant-Appellee Credence Resource Management, LLC*

Dayle Marie Van Hoose
Sessions Israel & Shartle
3350 Buschwood Park Dr Ste 130
Tampa, FL 33618
Phone: 813-890-2463
Fax: 866-466-3140
*Counsel for Defendant-Appellee Credence Resource Management, LLC*

*/s/ Douglas A. Balko*
Douglas A. Balko