**No. 26-1410**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

---

**PHILIBERT KONGTCHEU,**

*Plaintiff-Appellant,*

v.

**COMCAST CORPORATION, et al., and**
**CREDENCE RESOURCE MANAGEMENT, LLC,**

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the District of Massachusetts
No. 1:25-cv-11869-RGS (Hon. Richard G. Stearns)

---

## PLAINTIFF-APPELLANT'S OPPOSITION TO
## DEFENDANTS-APPELLEES' MOTION TO DISMISS THE APPEAL

---

## INTRODUCTION

Comcast asks this Court to dismiss *the entire appeal* for lack of jurisdiction. It cannot. This appeal is taken from a final judgment entered on March 18, 2026, and at least two of the orders it brings up for review — the summary judgment for CRM (ECF 83, herein attached as Appendix B) and the denial of leave to amend (ECF 84, herein attached as Appendix A) — are indisputably final and reviewable. Comcast itself concedes that ECF 83 is "the only final judgment," and it does not move to dismiss the appeal as to that order. The motion is therefore overbroad on

its face: whatever the answer as to the arbitration order, the appeal cannot be dismissed in its entirety.

Comcast's motion has a second, larger gap: it never addresses ECF 84 at all. ECF 84 was entered the same day as the judgment; it denied leave to amend on the express ground that "*Kongtcheu's claims against **the original defendants are no longer before this court**, as CRM has been dismissed, [Dkt #83], and the Comcast defendants are at arbitration pursuant to this court's order, [Dkt #72]*"; and Plaintiff's notice of appeal expressly designates it. The denial of leave to amend is the primary issue on this appeal. **Comcast is an original Defendant in this case**. It is reviewable as part of the final judgment regardless of how the arbitration question is resolved — and Comcast offers no reason to the contrary.

The arbitration order (ECF 72), the denial of reconsideration (ECF 82), and the set-aside of default (ECF 37) are likewise before this Court. Section 16(b) of the Federal Arbitration Act bars only *interlocutory* appeals — those taken while the case remains pending in the district court. This appeal is not interlocutory; it follows a final judgment, after which the district court declared the original defendants "no longer before" it. And because ECF 84's only stated ground is that the Comcast Defendants "are at arbitration pursuant to" ECF 72, the arbitration order cannot be sealed off from review of the appealable judgment that depends on

it. If the Court has any doubt about the reach of jurisdiction over ECF 72, the proper course is to carry that question with the merits, not to dismiss.

Comcast's two remaining points do not bear on jurisdiction. Its contention that the appeal "violates" the district court's stay confuses a stay of trial-court proceedings with a bar on appealing a final judgment; there is none. And its footnote that "Comcast Corporation" is the "wrong" entity concerns party identity and pleading sufficiency — a merits question — not this Court's subject-matter jurisdiction.

## RELEVANT PROCEDURAL BACKGROUND

The action was removed to the District of Massachusetts in July 2025. After the Comcast default was set aside (ECF 37), Comcast moved to compel arbitration; on December 30, 2025, the court granted that motion (ECF 72), directing that "*this case is STAYED, pending the outcome of the arbitration,*" and that the parties proceed to arbitration and file periodic status reports. The court denied reconsideration on March 9, 2026 (ECF 82).

Meanwhile, after Comcast's October 30, 2025 production first disclosed the individual representatives and the relevant corporate entities, Plaintiff obtained leave to file an amended complaint by a court-set deadline of December 17, 2025 (ECF 64), and filed his motion and proposed Amended Complaint on that date (ECF 66).

On March 18, 2026, the district court entered two orders together. ECF 83 denied Plaintiff's motion for partial summary judgment and allowed CRM's cross-motion. ECF 84 denied leave to amend, reasoning that the claims against the original defendants were "no longer before this court." Plaintiff filed a timely notice of appeal on April 15, 2026 (ECF 85), appealing "from the final judgment entered in this action on March 18, 2026, as well as from all interlocutory orders and rulings that merge into that judgment," including the summary-judgment order, the arbitration order, and the denial of leave to amend.

## ARGUMENT

## I. The Motion Is Overbroad: ECF 83 and ECF 84 Are Final, Reviewable Orders, So the Appeal Cannot Be Dismissed.

Comcast moves to dismiss the appeal in its entirety, but two of its central targets are unquestionably reviewable. That alone defeats the motion as framed, and it shapes everything that follows.

**A. The merger rule places the orders below before this Court.** A "final decision" under 28 U.S.C. § 1291 is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy,* 553 U.S. 406, 419 (2008); accord *Abney v. United States,* 431 U.S. 651, 656 (1977). Once a district court enters final judgment, this Court has explained, "antecedent

interlocutory orders typically merge into the judgment and become subject to appellate review." *Commonwealth Sch., Inc. v. Commonwealth Acad. Holdings LLC,* 994 F.3d 77, 82 (1st Cir. 2021); accord *John's Insulation, Inc. v. L. Addison & Assocs., Inc.,* 156 F.3d 101, 105 (1st Cir. 1998). Plaintiff's notice of appeal designates the March 18, 2026 final judgment and "all interlocutory orders and rulings that merge into that judgment." The merger rule is the vehicle that places the orders below before this Court — starting with ECF 83 and ECF 84.

**B. ECF 84 is final, is appealed, and Comcast's motion does not address it.** Comcast's motion is built entirely around the arbitration, reconsideration, and set-aside orders. It says nothing about ECF 84. Yet ECF 84 was entered as part of the March 18 disposition; it conclusively denied Plaintiff leave to amend; and the notice of appeal squarely challenges it. The denial of leave to amend is the primary issue on appeal, and it is reviewable as part of the final judgment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). Because Comcast does not — and cannot — contend that ECF 83 and ECF 84 are beyond this Court's review, its request to dismiss "Plaintiff's appeal" is overbroad. At most the motion could narrow the orders subject to review; it cannot do what it asks.

**C. Comcast's premise that the Comcast orders are "not related to or merge into" the judgment is refuted by the district court's own orders.** Comcast asserts that the Comcast-related orders are "not related to or merge into

the final judgment against CRM." The record is otherwise. ECF 83 — the judgment Comcast concedes is final — tied itself to the arbitration order, deferring the dispositive debt-validity question to "the mediation taking place between Kongtcheu and the six other defendants in this case, pursuant to this court's order. See [Dkt # 72]." (ECF 83 at 9 n.9.) And ECF 84 rests on *both* CRM's dismissal *and* the Comcast arbitration, treating them as a single disposition that left no original defendant "before this court." By the district court's own reasoning, the orders are interlocking parts of one March 18 judgment. Comcast cannot accept that disposition as a final judgment for the order it likes (ECF 83) while denying that the same disposition brings up ECF 72 — the very order on which ECF 84 expressly rests. The district court linked these orders; Comcast may not sever them for jurisdictional purposes when the district court did not.

## II.  The Arbitration Order (ECF 72) Is Also Before This Court.

**A.  Section 16(b) bars only interlocutory appeals taken while a case is pending; this appeal follows a final judgment.** Section 16(b)(1) provides that "an appeal may not be taken from *an interlocutory order* … granting a stay of any action under section 3." 9 U.S.C. § 16(b)(1) (emphasis added). By its terms the bar reaches only *interlocutory* appeals — those taken while the action remains pending below. Section 16 confirms the limit in the same breath: § 16(a)(3) authorizes an appeal from "a final decision with respect to an arbitration." That provision reflects

Congress's judgment that arbitration orders become reviewable once the proceedings have reached a final disposition. *See Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 86–89 (2000).

Comcast is right that ECF 72 used the language of a stay and called for status reports. But the controlling question is not the label the December 30 order bore; it is whether, by the time judgment entered and the appeal was taken, the litigation had ended in the district court. It had. On March 18 the court resolved the only claims it had retained — entering judgment for CRM (ECF 83) and denying leave to amend (ECF 84) on the express ground that the original defendants were "no longer before this court." Nothing then remained for adjudication on the merits in the district court; the only residual function was the ministerial docket-keeping that accompanies an arbitration in another forum, not any further decision of the parties' claims. That is a final disposition for purposes of appeal, and the orders that produced it are reviewable on appeal from the judgment.

Comcast's authorities are not to the contrary; each involved an appeal taken *while the district-court action was still pending. Braintree Laboratories, Inc. v. Citigroup Global Markets Inc.,* 622 F.3d 36 (1st Cir. 2010), was an interlocutory appeal under a stay, with no final judgment. *Coinbase, Inc. v. Bielski,* 599 U.S. 736 (2023), decided only whether a district court must stay its *own* proceedings during an interlocutory appeal of a *denial* of arbitration — again, a live case. And the

*Green Tree* footnote on which Comcast relies addressed when an *immediate* appeal may be taken from a stand-alone stay, not whether a stay order is reviewable once the case has gone to judgment. None involved an appeal taken after the district court entered final judgment and declared the parties "no longer before" it.

**B.    In the alternative, review of ECF 72 is necessary to meaningful review of the appealable denial of leave to amend.** Should the Court conclude that ECF 72 is not itself a final decision, it remains reviewable on a narrower, alternative ground. This Court may review an otherwise non-appealable order where doing so "is necessary to ensure meaningful review" of an appealable order with which it is "inextricably intertwined." *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 51 (1995). That standard is satisfied here in unusually direct fashion: ECF 84's *only* stated ground for denying amendment is that "the Comcast defendants are at arbitration pursuant to this court's order, [Dkt #72]." This Court cannot decide whether ECF 84 was an abuse of discretion without deciding whether ECF 72 properly sent those claims to arbitration. That is the precise overlap *Braintree* found *absent* — there, the court "need not reach the non-appealable claim in order to resolve the appealable one," 622 F.3d at 45–46; here the reverse is true. Plaintiff offers this only as a backup to the finality analysis above, recognizing that this Court applies pendent appellate jurisdiction sparingly.

**C.     The reconsideration and set-aside orders merge and need no independent finality.** Comcast separately labels ECF 82 and ECF 37 interlocutory. That misframes the question: these orders need not be independently appealable, because they merge into the final judgment the notice of appeal designates. *Commonwealth Sch.,* 994 F.3d at 82. ECF 82's denial of reconsideration rises or falls with ECF 72, and ECF 37's set-aside of the default is an antecedent ruling reviewable on appeal from the judgment like any other.

**D.   At a minimum, the jurisdictional question over ECF 72 overlaps the merits and should be carried with the appeal.** Whether the March 18 disposition was "final" as to the Comcast claims turns on the same question presented by Issue I — whether ECF 84 properly treated those claims as "no longer before" the court. Where a jurisdictional objection is bound up with the merits in this way, the orderly course is to carry the motion with the appeal for the merits panel to decide on a full record, not to resolve it now on a motion to dismiss. Plaintiff respectfully submits that disposition as the minimum appropriate course if the Court does not deny the motion outright.

## III.  The Contention That the Appeal "Violates" the District Court's Stay Does Not Bear on Jurisdiction.

Comcast argues that the appeal "violates" the § 3 stay. A § 3 stay halts *proceedings in the district court*; it neither divests this Court of jurisdiction nor

bars a litigant from appealing a final judgment. *Smith v. Spizzirri,* 601 U.S. 472 (2024), holds only that a district court must *stay rather than dismiss* when a party so requests; it says nothing of appellate jurisdiction and does not convert the filing of a notice of appeal into a stay violation. Federal Rule of Appellate Procedure 4(a)(1)(A) gave Plaintiff an unqualified right to appeal the March 18 judgment within thirty days, which he exercised. If Comcast believes a portion of the appeal is premature, the remedy is dismissal of that portion — the relief its motion already requests — not a separate finding that appealing "violated" a stay.

## IV.  The "Wrong Entity" Footnote Concerns Party Identity and Pleading Sufficiency, Not Appellate Jurisdiction.

Comcast's opening footnote states that "Comcast Corporation" is "not the proper legal entity" and that "Comcast OTR1, LLC" is. That contention concerns party identity and pleading sufficiency — matters governed by the Federal Rules of Civil Procedure — not this Court's subject-matter jurisdiction, which arises from the federal claims under the FDCPA and FCRA, 28 U.S.C. §§ 1331, 1367, and from the final judgment, 28 U.S.C. § 1291. It supplies no basis to dismiss the appeal.

The point is also two-edged. Comcast appeared and litigated as "Comcast," set aside its default, moved to compel arbitration, and obtained the stay it now invokes — all under that name. And it has identified different "proper" entities at

different stages: "Comcast OTR1, LLC" in discovery and in its motion footnote; "Comcast Cable Communications, LLC" in the declaration supporting arbitration (ECF 58-1 ¶¶ 2–3); and "Comcast Corporation" as the litigating defendant. The shifting identification confirms that the issue is a contested matter of pleading on the merits, which the proposed Amended Complaint (ECF 66-1) addresses by naming all three entities — one more reason the denial of leave to amend warrants review, not a reason to dismiss the appeal.

## CONCLUSION

The motion to dismiss should be denied. The appeal is taken from a final judgment; ECF 83 and ECF 84 are indisputably reviewable; and ECF 72, ECF 82, and ECF 37 are before the Court on appeal from that judgment and are intertwined with the appealable denial of leave to amend. In the alternative, the Court should carry the motion with the appeal for decision by the merits panel.

Respectfully submitted,

*/s/ Philibert F. Kongtcheu*
Philibert F. Kongtcheu
*Plaintiff-Appellant, pro se*
195 Binney Street #2311
Cambridge, MA 02142
(646) 535-8027
kongtcheu@gmail.com
Dated: June 8, 2026

**CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,441 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it is prepared in a proportionally spaced typeface, Times New Roman 14-point, and is double-spaced except for headings, the caption, and block quotations.

*/s/ Philibert F. Kongtcheu*
Philibert F. Kongtcheu

**CERTIFICATE OF SERVICE**

I certify that on June 8, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the First Circuit using the CM/ECF system, which will serve notice on all counsel of record.

*/s/ Philibert F. Kongtcheu*
Philibert F. Kongtcheu

**EXHIBIT A:** District Court ECF 84, March 18, 2026 Judge Richard G. Stearns: ELECTRONIC ORDER entered denying [66] Motion for Leave to File Document, plaintiff Philibert Kongtcheu's motion to amend his Complaint. [Dkt #66]. See also Dkt # 83 at n.5.



**Philibert Kongtcheu <kongtcheu@gmail.com>**

# Activity in Case 1:25-cv-11869-RGS Kongtcheu v. Comcast Corporation et al Order on Motion for Leave to File

1 message

**ECFnotice@mad.uscourts.gov** <ECFnotice@mad.uscourts.gov>                Wed, Mar 18, 2026 at 11:34 AM
To: CourtCopy@mad.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 3/18/2026 at 11:34 AM EDT and filed on 3/18/2026

**Case Name:**              Kongtcheu v. Comcast Corporation et al
**Case Number:**           1:25-cv-11869-RGS
**Filer:**
**Document Number:** 84(No document attached)

**Docket Text:**
**Judge Richard G. Stearns: ELECTRONIC ORDER entered denying [66] Motion for Leave to File Document, plaintiff Philibert Kongtcheu's motion to amend his Complaint. [Dkt #66].** *See also* **Dkt # 83 at n.5.**

**This case was removed to federal court on July 1, 2025. Notice of Removal [Dkt #1-1]. On August 4, 2025, Kongtcheu moved to amend the Complaint, [Dkt #15], and this court denied the motion because CRM (the only active defendant at the time) had filed a responsive pleading more than 21 days prior, see Fed. R. Civ. P. 15 (a)(1), and he did not include a proposed Amended Complaint or an explanation for why the amendment was necessary. [Dkt # 16]. On December 17, 2025, Kongtcheu again moved to file an Amended Complaint with a proposed Second Amended Complaint attached. [Dkt # 66].**

**The proposed Second Amended Complaint makes new allegations against the defendants named in the original Complaint and against additional parties that were not named in the original Complaint. [Dkt # 66-1]. However, Kongtcheu's claims against the original defendants are no longer before this court, as CRM has been dismissed, [Dkt #83], and the Comcast defendants are at arbitration pursuant to this court's order, [Dkt # 72]. A plaintiff cannot amend a Complaint to name new defendants in a case where the defendants named in the original Complaint are no longer before the court. Kongtcheu's motion to amend the Complaint is therefore DENIED.**

**(MZ)**

**1:25-cv-11869-RGS Notice has been electronically mailed to:**

John J. O'Connor      joconnor@peabodyarnold.com, sballard@peabodyarnold.com

Dayle M. Van Hoose      dvanhoose@sessions.legal, evap@sessions.legal

Douglas A Balko      dbalko@carmodylaw.com, CErvin@carmodylaw.com, mbuckley@carmodylaw.com

Michelle L Sanginiti      msanginiti@sessions.legal, cgarcia@sessions.legal

Philibert Kongtcheu      kongtcheu@gmail.com

**1:25-cv-11869-RGS Notice will not be electronically mailed to:**

**EXHIBIT B:** District Court ECF 83, March 18, 2026 - Judge Richard G. Stearns: ORDER entered denying [19] Motion for Partial Summary Judgment and allowing [41] CRM's cross-motion for summary judgment.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-cv-11869-RGS

PHILIBERT KONGTCHEU

v.

COMCAST CORPORATION, COMCAST REPRESENTATIVE X, COMCAST
REPRESENTATIVE BHAVYA, COMCAST REPRESENTATIVE CURTIS
XFINITY - EXECUTIVE CUSTOMER RELATIONS, COMCAST
REPRESENTATIVE GABRIELLE K. XFINITY - EXECUTIVE CUSTOMER
RELATIONS, COMCAST REPRESENTATIVE CHERYL L. XFINITY -
EXECUTIVE CUSTOMER RELATIONS, and CREDENCE RESOURCE
MANAGEMENT, LLC

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT CREDENCE
RESOURCE MANAGEMENT, LLC AND ON CREDENCE RESOURCE
MANAGEMENT, LLC'S CROSS MOTION FOR SUMMARY JUDGMENT

March 18, 2026

STEARNS, D.J.

Defendant Credence Resource Management, LLC (CRM), is a debt
collection agency that was engaged by Xfinity Mobile (Xfinity), which is
owned by defendant Comcast Corporation (Comcast), to collect a debt that
Xfinity claimed plaintiff Philibert Kongtcheu owed to Comcast. *See* Notice
of Removal, Ex. A (Compl.) [Dkt # 1-1] at 14. Kongtcheu disputes the validity
of the debt. *Id.* at 3-9. He argues that CRM violated The Fair Debt Collection
Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and Massachusetts debt

collection regulations by claiming in its collection demand that the debt was validly owed.  Compl. at 19-20.  He also claims that CRM failed to provide information required by the applicable debt collection regulations.[1]  *Id.* at 20-21.  Kongtcheu now moves for summary judgment against CRM.  Pl.'s Mot. for Partial Summ. J. against CRM (Pl.'s Mot. for Summ. J.)  [Dkt #19] at 1.[2]  CRM opposes Kongtcheu's motion and cross-moves for summary judgment in its favor.  Def.'s Cross Opp'n [Dkt. #41] at 1.

This case began on May 28, 2025, when Kongtcheu filed suit in the Middlesex Superior Court against CRM and six other defendants.[3]  It was subsequently removed to federal court by CRM on July 1, 2025.  Kongtcheu's disputes with the other six defendants named in the Complaint (including

---

[1] Collectively, these alleged violations comprise Count 5 of the Complaint.  Compl. at 19-21.

[2] Kongtcheu characterizes this as a motion for "partial" summary judgment, presumably because his motion is limited to claims against CRM and no other defendants in the case.  However, for clarity, the court refers to this as a motion for summary judgment because it pertains to all claims in the Complaint against CRM.

[3] The other defendants named in the Complaint are Comcast Corporation, Comcast Representative X, Comcast Representative Bhavya, Comcast Representative Curtis Xfinity - Executive Customer Relations, Comcast Representative Gabrielle K. Xfinity - Executive Customer Relations, and Comcast Representative Cheryl L. Xfinity - Executive Customer Relations.

Comcast) were sent to arbitration, pursuant to this court's December 30, 2025 order.  [Dkt # 72].

Kongtcheu alleges that Xfinity billed him for mobile service and a mobile device that he did not order.  Compl. at 3-9.  Kongtcheu challenged Xfinity's bills for these disputed items and did not pay them, leading Xfinity to engage CRM to collect the debt that Xfinity claimed he owed.  *Id.* at 14. Kongtcheu alleges various claims that stemmed from these events and their aftermath,[4] and he seeks monetary relief as well as costs and attorney's fees. *Id.* at 15-22.  For the following reasons, the court denies Kongtcheu's motion for summary judgment against CRM and allows CRM's cross-motion for summary judgment.[5]

---

[4] The aftermath included Kongtcheu filing complaints with the Massachusetts Department of Telecommunications and Cable, Massachusetts Office of the Attorney General and the Federal Communications Commission.  *Id.* at 11-13.

[5] Following Kongtcheu's August 21, 2025 motion for summary judgment and CRM's October 9, 2025 cross-motion for summary judgment, Kongtcheu filed a motion to amend the Complaint on December 17, 2025. [Dkt # 66].  (Kongtcheu initially moved to amend the Complaint on August 4, 2025, but this court denied the motion without prejudice because CRM had filed a responsive pleading more than 21 days prior, *see* Fed. R. Civ. P. 15 (a)(1), and Kongtcheu's motion did not include a proposed Amended Complaint or an explanation for why the amendment was requested. [Dkt # 16].   Kongtcheu subsequently moved for an extension to amend the Complaint by December  17, 2025, which this court granted. [Dkt # 64].  In the course of extending the deadline, this court noted that "futile" claims would not be appropriate. [Dkt # 30].)

## BACKGROUND

Comcast's Xfinity Mobile engaged CRM to collect the alleged debt owed by Kongtcheu on October 21, 2024. Def.'s Statement of Facts [Dkt. # 41-2] at 4. Between October 23, 2024, and November 13, 2024, CRM made

---

The proposed amended Complaint, filed with Kongtcheu's motion to amend on December 17, 2025, includes several new claims against CRM. Mot. to Amend Compl., Ex. A (Proposed Am. Compl.) [Dkt # 66-1] ¶¶ 138-154. The court denies the motion to amend given First Circuit precedent and the applicable federal Rule.

"A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12. (1st Cir. 2004). Initially, "[c]onsent to file amended pleadings 'shall be freely given when justice so requires,' unless the amendment would be futile or reward undue delay." *Adorno v. Crowley Towing And Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006), quoting Fed. R. Civ. P. 15(a). However, "[t]he bar for a plaintiff tendering an amended complaint is higher after a motion for summary judgment has been filed, as the plaintiff must demonstrate 'that the proposed amendments were supported by substantial and convincing evidence.'" *Id.*, quoting *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994).

Kongtcheu's proposed Amended Complaint, filed after the motions for summary judgment, adds the following claims against CRM, which are not alleged in the original Complaint: violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), intentional infliction of emotional distress, violation of the Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H, 11I, violation of M.G.L. c. 93A, abuse of process, civil conspiracy, and aiding and abetting. Proposed Am. Compl. ¶¶ 138-154. Given the lack of substantial and convincing support for the new claims, as well as the prejudice inherent in their late filing, the court denies Kongtcheu's motion to amend the Complaint with respect to CRM.

frequent[6] calls to Kongtcheu, but "[n]one of the calls connected to a person and CRM did not leave any voicemails," according to the sworn affidavit of Denise Lewis, CRM's Associate Vice President of Risk Compliance.  Lewis Aff. [Dkt # 77] at 2.[7]  Kongtcheu disputes this point, stating that he picked up "at least one call."  Pl.'s Resp. to Def.'s Statement of Facts at 4.

On October 23, 2024, CRM sent a demand letter to Kongtcheu, stating that "[w]e are trying to collect a debt that you owe to Xfinity Mobile."  Pl.'s Mot. for Summ. J., Ex. D [Dkt #19-4] at 40.  In the letter, CRM stated that Kongtcheu owed Xfinity Mobile $404.56, but that a payment of $327.69 by December 30, 2024, would be sufficient to "resolve your account."  *Id*.  The $404.56 amount referenced in CRM's letter to Kongtcheu was consistent with the amount included in written communications from Xfinity Mobile to Kongtcheu on October 19, 2024, and November 22, 2024.  *See Id*. at 20, 50.

On November 4, 2024, Kongtcheu replied to CRM in a letter, stating: "This will serve as your legal notice pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, to cease and desist all further communication

---

[6] Kongtcheu alleges that CRM called him 19 times whereas CRM alleges that it made 13 unanswered calls to Kongtcheu.  Pl.'s Resp. to Def.'s Statement of Facts [Dkt # 60-1] at 2.

[7] Lewis's account is based in part on CRM's internal records of its interactions with Kongtcheu.  *Id*. at 2.

with me in regard to the above referenced debt or debts . . . . By sending this letter it is my intention to stop all your calls and collection activity." *Id.* at 42. Lewis's affidavit states that, following CRM's receipt of this letter, "CRM made no further attempts to collect on the account." Lewis Aff. at 3.

On November 21, 2024, CRM sent a final letter to Kongtcheu. *See* Pl.'s Mot. for Summ. J., Ex. D at 43. CRM stated: "We have investigated your dispute in coordination with Xfinity Mobile and verified that the charges on your account are valid . . . . [T]his response is exclusively for the purpose of providing information related to your dispute. We will not initiate communication with you regarding this account any further." *Id.*

Kongtcheu argues that CRM did not substantiate the validity of the debt, as described in its letter to him, because Comcast's internal records of Kongtcheu's account do not contain an entry that reflects such an effort by CRM. Pl.'s Resp. to Def.'s Statement of Facts at 4. However, CRM maintains that it did validate the debt, an undertaking reflected in its internal "Account Information" log (the CRM Log), documenting CRM's interactions with Kongtcheu. Specifically, an entry dated November 20, 2024, states: "Written Investigation Response received on: 11/19/2024 . . . investigation has determined the charges on this account are valid." Def.'s Cross Opp'n, Ex. A-1 [Dkt # 41-4] at 6. Additionally, Lewis's affidavit cites the CRM Log and

6

states: "On November 19, 2024, Xfinity Mobile notified CRM the charges were valid."  Lewis Aff. at 3.

Kongtcheu alleges that CRM subsequently reported his default to credit agencies.  Pl.'s Mot. for Summ. J. at 4.  As evidence to support this claim, Kongtcheu points to the CRM Log, which includes two entries that are dated April 28, 2025.  Pl.'s Reply in Supp. of Mot. for Summ. J. [Dkt # 60] at 5-6.  These entries include Kongtcheu's address and state "BILL_TO_ADDRESS:   PHILIBERT   KONGTCHEU"   and "CES_CUSTOMER : PHILIBERT KONGTCHEU."  *See* Def.'s Cross Opp'n, Ex. A-1 at 3.  Kongtcheu alleges that the date of this entry in CRM's "Account Information" log coincides with a drop in his credit rating.  Pl.'s Reply in Supp. of Mot. for Summ. J. at 5-6.  In addition, he states in a sworn affidavit that he "submitted an online credit card application with Wells Fargo Bank, N.A," which denied the application.  Pl. Aff. [Dkt. # 46-1] at 1.  He subsequently contacted the consumer credit reporting company Experian, which informed him that "an adverse credit event related to a Comcast/CRM account appeared" on his credit report.  *Id.*  However, CRM denies reporting Kongtcheu to any credit agency.  Def.'s Cross Mot., Statement of Material Facts [Dkt # 41-2] at 3.  CRM supports its position by citing Lewis's affidavit, which attests to this fact.  Lewis Aff. at 3.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphases in original). A material fact is one which has the "potential to affect the outcome of the suit under applicable law." *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993). In assessing the genuineness of a material dispute, the facts are to be "viewed in the light most flattering to the party opposing the motion." *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995).

## ANALYSIS

Kongtcheu's Complaint alleges that CRM's actions violated federal and state debt collection laws.[8] First, Kongtcheu claims that CRM violated 15

---

[8] Kongtcheu's Motion for Summary Judgment raises additional theories of liability, which are also included in the proposed Amended Complaint. However, the court's review is limited to the claims included in the original Complaint. *See supra* note 5.

U.S.C. § 1692e (2)(A), which prohibits "the false representation of . . . the character, amount, or legal status of any debt by a debt collector." Compl. at 19. While Kongtcheu disputes whether CRM definitively validated his debt with Comcast, CRM's representation of the "character," "amount," and "legal status" of the debt were consistent with the information provided to CRM by Comcast.[9] As a result, Kongtcheu has not sufficiently alleged a violation of 15 U.S.C. § 1692e (2)(A).

Kongtcheu also claims that CRM violated 15 U.S.C. § 1692g (b) and 940 Mass. Code Regs. § 7.08, which require that a debt collector who has been timely notified by a consumer that a debt is disputed "cease collection of the debt," until the collector provides additional materials to the consumer, including verification of the debt. Kongtcheu highlights that, among the materials that a debt collector is required to provide a debtor before resuming collection activity under 940 Mass. Code Regs. § 7.08 are "all documents, including electronic records or images, which bear the signature of the debtor and which concern the debt being collected." He

---

[9] The validity of the information provided by Comcast will be resolved in the course of the mediation taking place between Kongtcheu and the six other defendants in this case, pursuant to this court's order. *See* [Dkt # 72].

9

writes that CRM did not provide him with these materials.[10]  Compl. at 20. Kongtcheu does not provide evidence that CRM engaged in additional communication with him after receiving his letter asking that CRM cease its collection efforts.  As a result, CRM has not yet incurred an obligation to provide the required materials to him.  Therefore, Kongtcheu has not alleged violations of 15 U.S.C. § 1692g (b) and 940 Mass. Code Regs.  § 7.08.[11]

There is no dispute of the material facts with respect to Kongtcheu's allegations against CRM.  Moreover, viewing all facts in the light most favorable to Kongtcheu, CRM is entitled to judgment as a matter of law.

**ORDER**

---

[10] In addition, 940 Mass. Code Regs. § 7.08 requires that debt collectors provide certain information within five days of initiating communication with debtors.  It is undisputed that CRM's first letter to Kongtcheu, sent on October 23, 2024, contained the required information. Pl.'s Mot. for Summ. J., Ex. D at 40.

[11] Kongtcheu's Complaint states that CRM's alleged violations of the FDCPA – specifically the alleged violations of 15 U.S.C. §§ 1692e (2)(A), 1692g (b) – mean that CRM "is co-contributor to, and jointly liable" for the alleged intentional infliction of emotional distress caused by several other defendants named in the case.  Compl. at 20.  To support this claim, Kongtcheu cites 15 U.S.C. § 1692k, which holds debt collectors who violate the FDCPA liable for "any actual damage sustained by such person as a result of such failure," and argues it applies to CRM.  However, the court does not find the underlying violations of the FDCPA that would support a theory of joint liability under 15 U.S.C. § 1692k.  (As noted previously, the court denies Kongtcheu's motion to amend the Complaint against CRM to include a direct claim of intentional infliction of emotional distress.)

For the forgoing reasons, Kongtcheu's motion for summary judgment is <u>DENIED</u>, and CRM's cross-motion for summary judgment is <u>ALLOWED</u>.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE